**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000046
24-MAY-2019
08:02 AM**

NO. CAAP-16-0000046

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
JOSHUA RESUN, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 15-1-0268K)

MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Plaintiff-Appellant State of Hawai'i (the **State**) appeals from an "Order Dismissing Case Without Prejudice" (**Dismissal Order**), filed on January 22, 2016 in the Circuit Court of the Third Circuit (**Circuit Court**) in favor of Defendant-Appellee Joshua Resun (**Resun**).[1]

Resun was indicted for Felony Abuse of Family or Household Member, in violation of Hawaii Revised Statutes (**HRS**) § 709-906(1) and (9) (2014 and Supp. 2015),[2] with the State

---

[1]  The Honorable Melvin H. Fujino presided.

[2]  At the time of the alleged offense in 2015, HRS § 709-906 provided, in relevant part:

> §709-906  **Abuse of family or household members; penalty.**  (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . .
>
> For the purposes of this section:

(continued...)

alleging that on September 6, 2015, Resun abused the complaining witness (**CW**) in the presence of a family or household member under fourteen years of age. In the course of Resun entering a no-contest plea, the Circuit Court questioned the application of HRS § 709-906(9) because the abuse occurred in the presence of Resun and the CW's child who was two-months old at the time of the incident. The Circuit Court ultimately determined that Resun could not be prosecuted under HRS § 709-906(9) because a two-month old child does not have the ability to perceive the abuse.

On appeal, the State contends the Circuit Court: (1) erred in dismissing the charge and/or no contest plea for lack of probable cause; and (2) abused its inherent powers and authority by improperly taking judicial notice of facts and demonstrating an appearance of bias in raising and sustaining its own constitutional challenge.

For the reasons discussed below, we vacate and remand.

I. **Background**

On September 23, 2015, Resun was indicted for Felony Abuse of Family or Household Member.

On December 2, 2015, the Circuit Court held a hearing for change of plea and sentencing. Resun entered a no contest plea, pursuant to a plea agreement he had reached with the State, reserving only his right to appeal the Circuit Court's prior ruling regarding its jurisdiction. After the Circuit Court found that Resun entered his no contest plea knowingly, voluntarily,

---

(...continued)

. . . .

"Family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons in a dating relationship as defined under section 586-1, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

. . . .

(9) Where physical abuse occurs in the presence of any family or household member who is less than fourteen years of age, abuse of a family or household member is a class C felony.

(Emphasis added). As discussed, *infra*, subsection (9) has since been amended.

and intelligently, the deputy prosecutor recited the facts underlying the charge, including that the two-month-old child of Resun and the CW was present during the incident.

The Circuit Court asked, "Two-month or two-year-old?" The deputy prosecutor reiterated, "Two-month.  The relationship [of Resun and the CW] was two years.  The [child] was two months."

The Circuit Court then asked, "How would that be the intent of the statute regarding presence?"  In response, the deputy prosecutor explained that because the child was "less than fourteen years old," in the "immediate circumstance of the violent act[,]" and "right next to mom when the incident happened[,]" the abuse occurred in the infant's presence pursuant to HRS § 709-906(9).  The Circuit Court asked, "So are you saying if the infant is two days old, has no idea what's going on, and the parents or household members -- one physically abuses the other, that this felony statute would apply?"  The deputy prosecutor asserted that the statute would, indeed, apply in such a situation.

The Circuit Court declined to proceed with sentencing and requested memoranda on HRS § 709-906(9) to "address what is meant by 'occurs in the presence of any family or household member.'"  The Circuit Court stated:

> THE COURT:  There has to be some type of observation or perception.  Observation -- not necessarily did they see it, but they can also be in the next room and they can hear it.  But they have to be of an age where they can understand, for "in the presence of" to be relevant.

Following the December 2, 2015 hearing, the parties filed memoranda pursuant to the Circuit Court's instructions.

On December 29, 2015, the Circuit Court held another hearing.  The parties argued their positions regarding the legislative history of the statute and its applicability to Resun's charge.

Upon hearing the parties' arguments, the Circuit Court issued its oral findings and conclusions:

> THE COURT:  Okay.
> In the, uh, Court has reviewed the files and records in this case, heard the arguments of counsel.  The Court would find that section 7-0, um, section 709-906 subsections

3

> (1) and (9) of the Hawaii Revised Statutes, which requires that for a felony abuse that the defendant must intentionally, knowingly or recklessly physically abuse a family or household member and the physical abuse occurred in the presence of any family or household member who is less than fourteen years of age, thereby committing the offense of felony abuse of fam -- family or household member, the Court would find that the term "in the presence of" is ambiguous.
>
> And therefore, looking at the legislative history, which requires that the "presence" means, uh, that the -- looking at the legislative history would be -- and it seemed to indicate the legislative intent was that the child would have to have witnessed the domestic violence. So accordingly, the Court would find that two month old in this case could not be the intent of the statute.
>
> So I guess it's, right now, although he's pled to a felony abuse, I don't know if the defense would now move to withdraw and see if the, uh, State and defense can work out an agreement regarding a regular felony -- a regular abuse and then still reserve their right to appeal.

The Circuit Court added, "I think based on the Court's ruling the defense has to move to withdraw his plea." Resun then moved to withdraw his plea, which the Circuit Court granted. The Circuit Court reasoned:

> THE COURT: But the Court having made its ruling the State cannot proceed with the felony abuse anyway. So it would -- I would think that the -- if the defense was willing to just plead to a regular abuse, or if not, I'm just gonna dismiss it without if that's what the defense is asking 'cause they cannot proceed on the felony. You can't proceed on the felony now.

Accordingly, defense counsel requested a dismissal. The State asked the Circuit Court for clarification: "'[C]ause you're basically saying that the statute was ambiguous and therefore the State didn't have evidence for the charge. Right?" The Circuit Court replied, "Yes." After further discussions, Resun moved to dismiss the felony charge for lack of probable cause. The Circuit Court granted the motion, noting that the dismissal was without prejudice.

On January 22, 2016, the Circuit Court issued its written Dismissal Order, which states in relevant part:

> 1. The allegations in this case are that Defendant committed Felony Abuse of Family or Household Members in the presence of a minor family or household member in violation of HRS § 709-906(9);
> 2. The factual basis for the allegation as presented by the State is as follows: Defendant and complaining witness are household or family members by virtue of their relationship and child in common; Defendant recklessly, knowingly, or intentionally physical[ly] abused complaining witness. Defendant and complaining

> witness had, at that time, a 2 month old child in common who was in the vicinity of the physical abuse at the time it occurred;
>
> 3.     This Court finds that the word "presence" as used in HRS §709-906(9) is ambiguous;
> 4.     As the word "presence" is ambiguous, this Court looks to extrinsic aids, specifically the legislative history, as an interpretive tool to determine the meaning of the word "presence";
> 5.     In addition, the rule of lenity requires that ambiguities be decided in favor of a Defendant in a criminal action[;]
> 6.     In viewing the legislative history of HRS §709-906(9) amendment involving presence of a minor household or family member, this Court finds that the legislature contemplated the effects from a child witnessing domestic abuse;
> 7.     <u>To witness an act requires an ability to perceive such act, and a 2 month old does not possess such ability of perception</u>[.]
>
> It is so ordered that this case is dismissed without prejudice for lack of probable cause as the felony count of Abuse of Family or Household Members in the Presence of a Minor HRS 709-906(9) lacks the essential element of "in the presence of a minor."

(Emphasis added).

On January 26, 2016, the State timely appealed.

## II. Standards of Review

### A. Refusal of No Contest Plea

> The trial court is vested with wide discretion to accept or refuse a nolo contendere plea, and the acceptance or refusal of a no contest plea is therefore reviewed for abuse of that discretion. . . . An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Merino, 81 Hawai'i 198, 211, 915 P.2d 672, 685 (1996) (internal quotation marks, citations, brackets, and footnote omitted).

### B. Statutory Construction

> "The interpretation of a statute is a question of law reviewable *de novo.*" Capua v. Weyerhaeuser Co., 117 Hawai'i 439, 44[4], 184 P.3d 191, 196 (2008) (citing Flor v. Holquin, 94 Hawai'i 70, 76, 9 P.3d 382, 388 (2000)) (brackets, citations, and ellipses omitted). Statutory construction is guided by the following rules:
>
> > First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute

5

> itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists. And fifth, in construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning.
>
> Carlisle v. One (1) Boat, 119 Hawai'i 245, 256, 195 P.3d 1177, 1188 (2008) (quoting In re Contested Case Hearing on Water Use Permit Application, 116 Hawai'i 481, 489-90, 174 P.3d 320, 328-29 (2007)) (block quotation format altered).

State v. Woodfall, 120 Hawai'i 387, 391, 206 P.3d 841, 845 (2009).

## III. Discussion

### A. The Case Should Not Have Been Dismissed and There Were Sufficient Facts for the No Contest Plea

The State first contends that the Circuit Court erred in dismissing the charge and/or no contest plea for lack of probable cause. Specifically, the State argues that the Circuit Court erred: (a) in ruling that the statute was unconstitutionally vague and impliedly overbroad in its definition of "presence"; and (b) in its statutory interpretation.

Contrary to the State's contention, the Circuit Court made no ruling regarding the constitutionality or vagueness of HRS § 709-906(9) and thus we do not address those issues. We instead review the Circuit Court's statutory interpretation.

In the Dismissal Order, the Circuit Court concluded in relevant part that, based on the legislative history of HRS § 709-906(9), the legislature was concerned with the effects from a child "witnessing" domestic abuse, and that "[t]o witness an act requires the ability to perceive such act, and a 2 month old does not possess such ability of perception[.]" (Emphasis added).[3]

---

[3] Merriam-Webster's Collegiate Dictionary defines "perceive" as: "1 a : to attain awareness or understanding of  b : to regard as being such <perceived threats> <was perceived as a loser>  2 : to become aware of through the senses; esp : SEE, OBSERVE[.]" Perceive, Merriam-Webster's Collegiate Dictionary 918 (11th ed. 2003).

Merriam-Webster's Collegiate Dictionary defines "perception" as:

(continued...)

In our view, the Circuit Court's construction of the statute does not sufficiently take into account the express language adopted by the Legislature, which in relevant part simply states: "Where physical abuse occurs in the presence of any family or household member who is less than fourteen years of age, abuse of a family or household member is a class C felony." HRS § 709-906(9). The plain language of HRS § 709-906(9) applies in this case.

It is well-settled that "the fundamental starting point for statutory interpretation is the language of the statute itself." Woodfall, 120 Hawai'i at 391, 206 P.3d at 845 (quoting Carlisle, 119 Hawai'i at 256, 195 P.3d at 1188) (emphasis added). The language of HRS § 709-906(9) applicable to the alleged offense in this case, which occurred in 2015, does not contain any reference to the ability of the family or household member in whose presence the abuse occurred to "perceive" the abuse. Rather, the applicable language requires the physical abuse to occur "in the presence" of a family or household member "less than fourteen years of age[.]" The phrase "less than fourteen years of age" includes those that may be only two months old, as in this case. Moreover, as to the words "in the presence," Merriam-Webster's Collegiate Dictionary defines "presence," in relevant part, as "the fact or condition of being present" or "the part of space within one's immediate vicinity," and "present" is defined, in relevant part, as "being in view or at hand[.]" Presence, Merriam-Webster's Collegiate Dictionary at 982; Present, id. Under these common definitions, "presence" does

_____

[3](...continued)
            1 a : a result of perceiving : OBSERVATION  b : a mental
            image : CONCEPT  2 obs : CONSCIOUSNESS  3 a : awareness of
            the elements of environment through physical sensation
            <color ~>  b : physical sensation interpreted in the light
            of experience  4 a : quick, acute, and intuitive cognition :
            APPRECIATION  b : a capacity for comprehension  syn see
            DISCERNMENT[.]

Perception, id. Further, Black's Law Dictionary defines "perception," in relevant part, as: "An observation, awareness, or realization, usu. based on physical sensation or experience; appreciation or cognition. The term includes both the actor's knowledge of the actual circumstances and the actor's erroneous but reasonable belief in the existence of nonexistent circumstances." Perception, Black's Law Dictionary 1317 (10th ed. 2014).

not require an ability to "perceive," and the plain language of HRS § 709-906(9) appears to apply in this case.

We note, however, that the definition of "presence" in Black's Law Dictionary is more nuanced, and provides: "Close physical proximity <u>coupled with awareness</u>[.]" *Presence,* <u>Black's Law Dictionary</u> 1374 (10th ed. 2014)(emphasis added). Thus, we recognize that the words "in the presence" as used in HRS § 709-906(9) could potentially be construed as ambiguous, as was determined by the Circuit Court.

To confirm that our interpretation of the plain language of the statute is consistent with the legislative intent, we look to the legislative history of HRS § 709-906(9). <u>Steigman v. Outrigger Enters., Inc.</u>, 126 Hawai'i 133, 148-49, 267 P.3d 1238, 1253-54 (2011) (noting that although statutory language was plain and unambiguous, the court could resort to legislative history to confirm its interpretation); <u>Priceline.com v. Dir. of Taxation</u>, 144 Hawai'i 72, 88-89, 436 P.3d 1155, 1171-72 (2019) ("Even when the meaning of a law is apparent on its face, legislative history may be used to confirm the court's interpretation of a statute's plain language.") (quoting <u>E & J Lounge Operating Co. v. Liquor Comm'n of City & Cty. of Honolulu</u>, 118 Hawai'i 320, 335, 189 P.3d 432, 447 (2008) (internal brackets and quotation marks omitted)).

The abuse in this case allegedly occurred on September 6, 2015. The applicable version of HRS § 709-906(9) was adopted in 2014, effective June 20, 2014. 2014 Haw. Sess. Laws Act 117, § 1 at 329. The Senate Judiciary and Labor Committee Report on House Bill 1993, which would become Act 117 and adopt HRS § 709-906(9), states:

> The purpose and intent of this measure is to amend section 709-906, Hawaii Revised Statutes, to establish that the offense of abuse of a family or household member is a class C felony <u>when the physical abuse occurs in the presence of any family or household member who is less than fourteen years of age</u>.
>
> . . . .
>
> Your Committee finds that research has shown that children who <u>witness</u> domestic violence can suffer severe emotional and developmental difficulties that are similar to

> those of children who are victims of direct physical and mental abuse. According to the Office of the Prosecuting Attorney of the County of Kauai, approximately twenty-three states and Puerto Rico have statutes that address the issue of children who <u>witness</u> domestic violence in the home, and approximately eighteen of those states have statutes that impose additional penalties on offenders who commit domestic abuse <u>in the presence</u> of a child.
>
> Your Committee further finds that <u>existing law allows the sentencing judge to consider as an aggravating factor that the offense of abuse of a family or household member was committed in the presence of a child, but this factor does not impact the penalty imposed for the commission of the offense</u>. This measure establishes that the offense of abuse of a family or household member is a class C felony when the physical abuse occurs <u>in the presence</u> of a child under fourteen years of age to deter these types of domestic abuse cases.

S. Stand. Comm. Rep. No. 3071, in the 2014 Senate Journal, at 1259 (emphasis added).

The Senate Ways and Means Committee Report on House Bill 1993 provides, in relevant part:

> The purpose and intent of this measure is to reduce domestic violence and to protect minors and other household members from abuse.
>
> Specifically, the measure:
>
> . . . .
>
> (3)  Makes the commission of an act of physical abuse <u>in the presence</u> of a family or household member who is less than fourteen years of age a class C felony.
>
> . . . .
>
> Your Committee finds that domestic violence occurs at an alarming rate across the nation. The resulting physical and emotional trauma resulting from domestic violence not only affects the victims of domestic violence but also <u>children who witness the domestic violence</u>. Research has consistently shown that children who <u>witness</u> domestic violence have an increased rate of emotional, cognitive, and developmental difficulties. Your Committee believes that this measure will help deter future acts of domestic violence by family or household members and prevent the unnecessary trauma that children experience from <u>witnessing</u> acts of domestic violence.

S. Stand. Comm. Rep. No. 3294, in the 2014 Senate Journal, at 1371-72 (emphasis added).

Application of the statute to this case is consistent with the stated legislative intent to protect children under fourteen years of age in whose presence physical abuse occurs. For a child to "witness" abuse does not in turn mean an ability

to "perceive" the abuse, especially to the extent that the Circuit Court's use of the word "perceive" was meant to convey an ability of the child to understand or comprehend the events.

We further note the reference in the Senate Judiciary and Labor Committee report that "existing law allows the sentencing judge to consider as an aggravating factor that the offense of abuse of a family or household member was committed in the presence of a child[.]" S. Stand. Comm. Rep. No. 3071, in the 2014 Senate Journal, at 1259. Although not explicitly cited, this report appears to refer to HRS § 706-606.4 (2014), titled "Sentencing in offenses involving abuse of a family or household member committed in the presence of a minor" which, in 2014 and currently, provides that:

> "In the presence of a minor" means in the <u>actual physical presence of a child</u> or <u>knowing that a child is present and may hear or see the offense</u>.

(Emphasis added). The 2014 legislative history thus supports our view that when HRS § 709-906(9) was first adopted, the Legislature intended that the statute should apply in a case such as this, where abuse occurs in the actual physical presence of a child, even though the child is only two months old.[4]

We thus conclude that the Circuit Court erred in its statutory interpretation of HRS § 709-906(9), because the statute is applicable to the circumstances identified in this case. It is undisputed that Resun's infant child was in the "immediate circumstance of the violent act" and "right next to [the CW] when the incident happened." As required under HRS § 709-906(9), the record establishes the physical abuse occurred "in the presence" of Resun's infant child and that the child was two-months of age at the time of the incident, which is "less than fourteen years of age." Therefore, the Circuit Court abused its discretion in

---

[4] In 2016, HRS § 709-906(9) was amended to explicitly adopt the definition of "in the presence of a minor" set out in HRS § 706-606.4. 2016 Haw Sess. Laws Act 231, § 44 at 760. That is, HRS § 709-906(9) (Supp. 2016) was amended as follows: "Where physical abuse occurs in the presence of [any] <u>a minor, as defined in section 706-606.4, and the minor is a</u> family or household member [who is] less than fourteen years of age, abuse of a family or household member is a class C felony." <u>Id.</u> (bracketed language omitted, underlined language added).

refusing Resun's no-contest plea and dismissing the case against Resun.

**B.    The Circuit Court Had Discretion to Consider the Factual Basis for the Charge, but Erroneously Interpreted the Statute**

In its second point of error, the State contends that the Circuit Court abused its inherent powers and authority by improperly taking judicial notice of facts and demonstrating an appearance of bias in raising and sustaining its own constitutional challenge to the charged statute.  Specifically, the State argues that the Circuit Court abused its discretion when it (A) took judicial notice of the fact that "a 2 month old does not possess such ability of perception"; and (B) raised constitutional challenges to the statute *sua sponte.*

First, the Circuit Court did not raise constitutional challenges to HRS § 709-906(9).  Thus, we do not address the State's argument in this regard.

Second, we conclude the Circuit Court's rulings were based, as a threshold matter, on its interpretation of HRS § 709-906(9), which then resulted in the Circuit Court making factual assumptions about the ability of the two-month old child to perceive abuse.  With regard to a no contest plea, the Hawai'i Supreme Court has recognized that:

> HRPP 11(b) accords the trial court the <u>discretion</u>, "after due consideration of the views of the parties," to refuse a no contest plea that it deems not to be in "the interest of the public in the effective administration of justice." Accordingly, we further hold that HRPP 11(b) likewise accords trial courts . . . the discretion to insist upon a "factual basis" (or, more accurately, an offer of proof) as a part of their deliberations regarding whether to accept a no contest plea.  We emphasize, however, that the trial court's discretion in this regard derives from HRPP 11(b) and not HRPP 11(f).

<u>Merino</u>, 81 Hawai'i at 219, 915 P.2d at 693.

In this case, the Circuit Court thus had the discretion to consider the factual basis for the Felony Abuse of Family or Household Member charge under HRS § 709-906(9) in considering whether to accept Resun's no contest plea.  However, as discussed above, the Circuit Court erred in its interpretation of the requirements under HRS § 709-906(9).  Given these circumstances,

11

we need not reach the issue of whether the Circuit Court improperly took judicial notice of the two month old child's ability to perceive abuse because resolving that issue is not necessary to our decision.

## IV.   Conclusion

Based on the foregoing, we vacate the "Order Dismissing Case Without Prejudice" entered on January 22, 2016, by the Circuit Court of the Third Circuit.   This case is remanded for further proceedings consistent with this Memorandum Opinion.

DATED:   Honolulu, Hawai'i, May 24, 2019.


On the briefs:

Dale Yamada Ross,
Deputy Prosecuting Attorney,
for Plaintiff-Appellant.


Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

12